IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PAMELA RENEE RILEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br>and Acting as Mortgage Loan Servicer,<br>BARRETT DAFFIN FRAPPIER TURNER &<br>ENGEL, LLP, and its Attorneys, including<br>ISRAEL SAUCEDO, DAVID CARRILLO,<br>and Others, Substitute Trustees,<br><br>　　　　　　Defendants. | §§§§§§§§§§§§§§§§ CIVIL ACTION NO. 5:20-CV-201-H-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　The United States District Judge referred this case to the United States Magistrate Judge for pretrial management. ECF No. 2. Before the Court is an Amended Joint Stipulation of Dismissal with Prejudice filed by the parties in this action. ECF No. 5. In the stipulation, the parties advise that they have settled the case. *Id.* Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge enter an order acknowledging the parties' joint notice of dismissal and **DISMISS** this action with prejudice.

### I.　Background

　　Plaintiff Pamela Renee Riley filed her Original Petition in the 99th Judicial District Court of Lubbock County, Texas, on July 30, 2020. ECF No. 1, at 1; ECF No. 1-4, at 2. Riley's Petition seeks to restrain Defendants from foreclosing a deed of trust for nonpayment of a related note. ECF No. 1, at 2; ECF No. 1-4, at 3. Defendants removed the action from state court, thus transferring the above-captioned case to the United States District Court for the Northern District

of Texas, Lubbock Division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(a)(7). ECF No. 1. Shortly thereafter, Riley filed a Joint Motion to Dismiss with Prejudice. ECF No. 3. Because the motion/notice failed to meet the cited rule's requirements, the undersigned ordered the parties to file an amended notice or motion in compliance with the Federal Rules of Civil Procedure. ECF No. 4. Riley, together with Defendants, subsequently filed the Amended Joint Stipulation of Dismissal with Prejudice currently before the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 5.

## II. Discussion

Under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii), the parties may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Properly invoked, "a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (quoting *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004)). Any dismissal under Rule 41(a) is presumed to be without prejudice unless the stipulation provides otherwise. Fed. R. Civ. P. 41(a)(1)(B). Further, a joint dismissal under Rule 41(a)(1)(A)(ii) "ordinarily—and automatically—strips the district court of subject-matter jurisdiction." *Nat'l City Golf Fin., a Div. of Nat'l City Commercial Capital Co., L.L.C. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018). Thus, "any further actions by the court [are] superfluous." *Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995) (internal quotation marks omitted).

The joint stipulation states that the parties have settled all claims in the above-captioned case, and all parties appearing in the case have signed the notice. ECF No. 5. The parties further agree that the case should be dismissed with prejudice. *Id.* Upon consideration of the Amended

Joint Stipulation of Dismissal, ECF No. 5, and the record in this action, the Court finds that the parties have satisfied the requirements for voluntary dismissal without a court order set forth in Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge enter an order acknowledging the parties' self-executing Amended Joint Stipulation of Dismissal (ECF No. 5), filed pursuant to Rule 41(a)(1)(A)(ii), and direct the Clerk of Court to **DISMISS** all claims herein with prejudice and terminate the case. The undersigned further recommends that the United States District Judge **DENY as moot** Plaintiff's Joint Motion to Dismiss with Prejudice. ECF No. 3.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 9, 2020.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE